**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-20172-CR-GAYLES/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LENNOY WEBSTER,

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Lennoy Webster's ("Defendant") motion to dismiss the United States of America's (the "Government") indictment as time-barred pursuant to Federal Rules of Criminal Procedure 12(b)(3)(A)(ii). [D.E. 29]. The Government responded to the motion on September 9, 2021 [D.E. 31] and the time for Defendant to file a reply has passed. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authorities, and for the reasons discussed below, Defendant's motion to dismiss should be **DENIED**.[1]

### I. BACKGROUND

From March 26, 2020 until November 17, 2020, the Southern District of Florida suspended grand juries in response to the COVID-19 pandemic, creating a

---

[1] On August 31, 2021, the Honorable Darrin P. Gayles referred Defendant's motion to the undersigned Magistrate Judge for disposition. [D.E. 30].

1

nearly eight-month period during which the Government could not seek indictments. During this period, on May 26, 2020, the Government filed an information charging Defendant and one other individual with Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C. § 1029(b)(2); Possession of Fifteen or More Unauthorized Access Devices, in 18 U.S.C. § 1029(a)(3); and Defendant with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

Shortly after grand juries resumed, on January 21, 2021, the Government obtained a superseding indictment that contained charges substantially identical to the information. All the counts against Defendant respectively allege criminal conduct through June 3, 2015, so the applicable five-year statute of limitations under 18 U.S.C. § 3282(a) permitted a criminal action to be brought until June 3, 2020. Because Defendant never waived prosecution by indictment, he argues the information failed to stop the expiration of the statute of limitations and thus the superseding indictment was untimely.

## *II. APPLICABLE PRINCIPLES AND LAW*

Fed. R. Crim. P. 7(c)(1) requires that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Under Fed. R. Crim. P. 12(b)(1), "[a] party may raise by pretrial motion any defense, objection or request that the court can determine without a trial of the general issue." A motion alleging a defect in the indictment must be raised before trial, unless the defect is regarding the district court's lack of jurisdiction or failure to state an offense,

2

which may be brought at any time while a case is pending. *See United States v. Baxter*, 579 F. App'x 703, 705 (11th Cir. 2014) (citing Fed. R. Crim. P. 12(b)(3)(A)-(B)).

An indictment is sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *Id.* (quoting *United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999)). A court must determine the sufficiency of an indictment from its face and "may not dismiss an indictment based on a determination of facts that should have been developed at trial." *Id.* (citing *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)).

Indeed, the Eleventh Circuit has held that there is "no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the sufficiency of the evidence." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992); *see also Salman*, 378 F.3d at 1268 ("A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure."). An indictment that charges in the language of the relevant statute is sufficient "as long as it also provides a statement of facts and circumstances that give notice of the offense to the accused." *United States v. Jordan*, 582 F.3d 1239, 1246 (11th Cir. 2009) (quotation omitted).

### *III. ANALYSIS*

Defendant seeks to dismiss all counts against him because they violate the five-year statute of limitations provided under 18 U.S.C. § 3282. The Government does not dispute that the superseding indictment was filed more than seven months after the five-year statute of limitations expired. However, the Government filed the waiver-less information with the belief that this was sufficient to "institute" the information and to toll the statute of limitations under 18 U.S.C. § 3288. But, Defendant argues that the filing of a waiver-less information for felony charges is inconsistent with the purpose and statutory text of 18 U.S.C. § 3282(a). The parties agree that there is no controlling precedent from the United States Supreme Court or the Eleventh Circuit on whether an information lacking a waiver of indictment is "instituted" for the purposes § 3282. To answer this question, we turn to the controlling statutes and persuasive case law.

The Fifth Amendment to the United States Constitution provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. Federal Rule of Criminal Procedure 7(a) "gives effect to" this provision with the requirement that felonies "be prosecuted by an indictment." Fed. R. Crim. P. 7(a) (quoting 1944 advisory committee note to subdivision (a)). Non-capital felony offenses are an exception to the rule, where these can "be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment." Fed. R. Crim. P. 7(b).

Title 18, Section 3282 provides a statute of limitations for non-capital, federal crimes, including both felony and misdemeanor offenses. It provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or *the information is instituted* within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a) (emphasis added).

The Seventh Circuit directly answered whether an information lacking a waiver of indictment is "instituted" pursuant to § 3282. It answered yes in *United States v. Burdix-Dana*, 149 F. 3d 741 (7th Cir. 1998). Like this case, the Government in *Burdix-Dana* filed a waiver less information shortly before the statute of limitations expired. *Id.* at 742. After the five-year limitations period expired, the Government obtained an indictment for the same offense charged in the information. *Id.* The defendant in that case argued that "institute" should equal the ability to proceed with prosecution, which an information cannot do. *Id.* The Seventh Circuit rejected this argument and concluded:

> While we recognize that the absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or a trial on the relevant charges, *see* Fed. R. Crim. P. 7(b), we do not believe that the absence of this waiver makes the filing of an information a nullity. Rule 7(b) does not forbid filing an information without a waiver; it simply establishes that prosecution may not proceed without a valid waiver. Rule 7(b) concerns itself with the requirements that the government must satisfy before it proceeds with a prosecution. We do not see how this rule affects the statute governing the limitation period. There is nothing in the statutory language of 18 U.S.C. § 3282 that suggests a *prosecution* must be instituted before the expiration of a five year period; instead the statute states that the *information* must be instituted. We hold that the

5

> filing of the information is sufficient to institute it within the meaning of 18 U.S.C. § 3282.

*Id.* (emphases in original) (internal citation omitted).

There is no contrary authority from any other Court of Appeals and the Tenth Circuit has adopted the logic from *Burdix-Dana*. *See United States v. Cooper*, 956 F.2d 960, 962-63 (10th Cir. 1992) ("Rule 7(b) does not prohibit the filing of an information in the absence of a waiver of indictment . . . . Therefore, the information could have been filed within the period of limitations, thus providing a valid basis for prosecution."). And many district courts have followed this rule. *See United States v. Marifat*, No. 17-CR-189, 2018 WL 1806690, at *2-3 (E.D. Cal. Apr. 17, 2018); *United States v. Stewart*, 425 F. Supp. 2d 727, 729 (E.D. Va. 2006); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 28 (D.D.C. 2000); *United States v. Watson*, 941 F. Supp. 601, 603 (N.D. W. Va. 1996).

This includes several recent decisions that considered the Covid-19 pandemic and the suspension of grand juries. *See United States v. Briscoe*, No. CR RDB-20-0139, 2020 WL 5076053, at *2 (D. Md. Aug. 26, 2020) ("An information is 'instituted' when it is properly filed, regardless of the Defendant's waiver.); *United States v. Holmes*, No. 18-cr-00258-EJD, 2020 WL 6047232, at *8 (N.D. Cal. Oct. 13, 2020) ("the Court holds that the filing of an information without an accompanying waiver is sufficient to toll the statute of limitations—even though it may not be effective for other purposes").

There is also a recent case from this District in which Judge Ruiz adopted the holding from *Burdix-Dana*. *See United States v. Lauren Rosencan*, No. 20-80052-CR-

6

Ruiz(s), DE 49 (S.D. Fla. Mar. 17, 2021) ("This Court fully adopts the logic of the Seventh Circuit in *Burdix-Dana* because it is grounded in the plain language of section 3282. The main issue in this case is one of statutory interpretation, which mandates that the Court begin with the text at issue.").

On the other hand, a handful of district courts have found that an information lacking a waiver of indictment is not "instituted." *See United States v. B.G.G.*, 20-cr-80063-DMM, DE 19 (S.D. Fla. Jan. 11, 2021); *United States v. Machado*, 2005 WL 2886213, at *1 (D. Mass. Nov. 3, 2005); *United States v. Sharma*, 14-CR-61, at *1 (S.D. Tex. May 19, 2016). Most relevant is the recently decide *B.G.G.* case, which is currently on appeal with the Eleventh Circuit. *See United States v. B.G.G.*, No. 21-10165 (11th Cir. 2021). In *B.G.G.*, Judge Middlebrooks relied on legislative history and the historical record to support this interpretation of § 3282. While the decision in *B.G.G.* does an admirable job of charting out the history of § 3282 from the creation of grand juries in 1635 to its 1964 amendments, this path was needless. This is because § 3282's text is plain and unambiguous. *See United States v. Noel*, 893 F.3d 1294, 1297 (11th Cir. 2018) ("[I]f the statute's language is clear, there is no need to go beyond the statute's plain language into legislative history.") (internal quotation marks omitted).

Moreover, the statute of limitations in §3282 may be tolled if the "indictment or *information* charging a felony is dismissed *for any reason* after the period prescribed by the applicable statute of limitations has expired[.]" 18 U.S.C. § 3288 (emphasis added). If this occurs:

> A new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information . . . or, *if no regular grand jury is in session* in the appropriate jurisdiction when the indictment or information is dismissed, *within six calendar months of the date when the next regular jury is convened*, which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

*Id*. (emphasis added). Thus, if the Government moved to dismiss the information for any reason while the grand juries were suspended, there is no question that the superseding indictment here was timely brought. If we adopted the rule from *B.G.G.* as Defendant asks us to, this §3288 six-month tolling exemption would still survive as a loophole for the Government to use to avoid that rule. Clearly, the unambiguous language of § 3288 complements a reading of § 3282 that allows for an information lacking a waiver of indictment to be considered "instituted." This reading of § 3282 is also supported by "the central policy underlying the statutes of limitations" that focuses on giving a defendant fair notice of the charges against him within a reasonable amount of time, which the information here did. *See United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990).

We therefore follow the Seventh Circuit's decision in *Burdix-Dana*. This is because the plain language of § 3282 only requires that the "information" be "instituted" to satisfy the statute of limitations. The terms "prosecuted" and "instituted" are not equivalent, and an information is "instituted" when it is properly filed, regardless of the defendant's waiver. *See United States v. DBB, Inc.*, 180 F.3d

1277, 1281 (11th Cir. 1999) ("The starting point for all statutory interpretation is the language of the statute itself."). And where the language of the statute is unambiguous, the inquiry ends. *See United States v. St. Amour*, 886 F.3d 1009, 1013 (11th Cir. 2018) (having concluded that the "language at issue has a plain and unambiguous meaning," "we need go no further.").

Given that the information here was timely filed, the superseding indictment is also timely filed. As explained by the Eleventh Circuit, "[a] superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges." *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990). This logic applies equally to a timely filed information just as it would to an original indictment. *See Briscoe*, 2020 WL 5076053 at *2 ("Although the rule is ordinarily applied as between superseding and original indictments, there is no reason why a subsequent indictment cannot relate back to a preceding, valid information because the two forms of charging documents are treated the same for statute of limitation purposes.") (citing 18 U.S.C. § 3282(a)). Defendant's motion to dismiss should therefore be **DENIED**.

## *IV. CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion to dismiss the Government's indictment [D.E. 29] should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days within which to file written objections, if any, with the District Judge. Failure to

9

timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida, this 28th day of September, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge